UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS, husband and wife, and the marital property thereof, LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN, and JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DOES 1-100 and ROES 101-200,<br><br>Defendants. | No. 13-CV-05214<br><br>MOTION OF DEFENDANTS NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS TO VACATE DEFAULT UNDER RULE 55(C)<br><br>NOTE ON MOTION CALENDAR:<br><br>AUGUST 16, 2013<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 1

DATH PLLC
BOX 208, 627-5ᵀᴴ ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918

## I. RELIEF REQUESTED

Defendants NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS move the court for an order vacating the orders of default entered against them on July 27, 2013 and permitting them to enter their defenses in this action.

## II. STATEMENT OF FACTS

The default entered against defendants NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS on July 27, 2013, was based on a failure of summons service that deprived them of being notified of the legitimacy and pendency of the action. *See* Declaration of Defendant Nathan Lemings in Support of Motion to Vacate Default under Rule 55(C), p. 3:7, 4:1.

The default was not willful on the part of defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS. *See* Declaration of Defendant Nathan Lemings in Support of Motion to Vacate Default under Rule 55(C), p. 4:7-5:16.

Setting the default aside would not prejudice the plaintiffs where the attorney for defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS, submitted a notice of appearance on the same day that the default entered—July 27, 2013, and within 60 days of being served out of state.

Defendants present many meritorious defenses. *See generally* Defendants' Answer (attached as Exhibit 2 to the Declaration of Nathan Lemings in Support of Defendants Motion to Vacate Default under Rule 55(C)). Among defendants'

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 2

DATH PLLC
Box 208, 627-5ᵀᴴ sᴛ, 101ʙ
Mᴜᴋɪʟᴛᴇᴏ, WA 98275
Pʜᴏɴᴇ: (424) 262-3827
Fᴀx: (425) 298-3918

meritorious defenses is the common law of agency, which provides that a principal is liable for the tortious acts of an agent that are done within the course and scope of the agent's employment. *See* Defendants' Answer, p. 4:15-5:14 (attached as Exhibit 2 to the Declaration of Nathan Lemings in Support of Defendants Motion to Vacate Default under Rule 55(C)). Defendant NATHAN LEMINGS presents facts demonstrating his agency relationship and that of NANDY, INC., to defendants WES MCLAUGHLIN and LAW OFFICE OF MCLAUGHLIN & ASSOCIATES. *See* Declaration of Nathan Lemings in Support of Defendants Motion to Vacate Default under Rule 55(C), p. 2:1-3:1. The plaintiffs have pleaded actual knowledge of the agency relationship as demonstrated by their complaint: "LEMINGS is, and at all relevant times was, a managerial employee and/or agent of the other defendants." *See* Complaint, p. 5:11-12. Based on the common law of agency, defendants WES MCLAUGHLIN and LAW OFFICE OF MCLAUGHLIN & ASSOCIATES are liable for the alleged tortious acts of defendants NANDY, INC., and NATHAN LEMINGS that were done within the course and scope of their employment.

### III. STATEMENT OF THE ISSUE

The following issues are presented for resolution by the court:

Whether the court should set aside the order of default entered against defendants NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS on July 27, 2013.

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 3

DATH PLLC
BOX 208, 627-5ᵀᴴ ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918

## IV. EVIDENCE RELIED UPON

This motion is based on the attached Declaration of Defendants' Counsel, Dubs Herschlip, the attached Declaration of Defendant Nathan Lemings and a copy of the complaint that was served (without a summons) attached thereto as Exhibit 1, and a copy of the Answer of Defendants NANDY, INC., NATHAN LEMINGS, AND JANE DOE LEMINGS attached thereto as Exhibit 2.

## V. LEGAL AUTHORITY

This motion is made pursuant to Rule 55(C) of the Federal Rules of Civil Procedure, which provides in pertinent part: "SETTING ASIDE A DEFAULT… The court may set aside an entry of default for good cause..." Here, defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS are in default for nonappearance—the category of default relevant to Rule 4 regarding summons. The defendants' remedy is to move to vacate the default under Rule 55(C).

There is a strong policy in federal practice to have every case adjudicated on its merits. An adjunct of this policy is a fairly liberal attitude about vacating defaults. Rule 55(C) permits a default to be set-aside for "good cause", but this is less intimidating than it sounds. The standard applied has sometimes been described as "lenient" and held to depend on "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented". *See Meehan v. Snow*,

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 4

DATH PLLC
BOX 208, 627-5ᵀᴴ ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918

652 F.2d 274, 277 (CA2 1981) (noting that the Rule 55(c) standard for vacatur is "less rigorous" than the Rule 60(b) standard).

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 at 700 (C.A.9, 2001). All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation is true" is not to be determined by the court when it decides the motion to set aside the default. *Id*. The requirement about demonstrating a defense is premised on the proposition that if the defendant can't make a prima facie showing of a reasonable position on the merits, then a default judgment is as good as any other to close the case out. Here, the defendants have attached as Exhibit 2 a copy of their Answer pleading many valid defenses with supporting material facts, sworn under oath, that they would enter in this case if permitted by the court.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *See TCI Group*, 244 F.3d at 701. Here, setting aside the default does not prejudice the plaintiffs. The court can impose conditions on the vacatur, and is likely to if the plaintiffs are faultless and have been put to trouble and expense because of the default. However, in this case, the plaintiffs are not faultless for their complete failure to serve a summons on defendants NANDY,

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 5

DATH PLLC
BOX 208, 627-5ᵀᴴ ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918

INC., NATHAN LEMINGS, and JANE DOE LEMINGS. Even if plaintiffs were faultless, defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS cause no prejudice to plaintiffs by seeking vacatur of the default before a judgment has been entered on it.

Defendants were not culpable in failing to answer a complaint served in violation of Rule 4 of the Federal Rules of Civil Procedure, which proscribes several rules for a summons and provides in pertinent part:

> (a) CONTENTS; AMENDMENTS.
> (1) Contents. A summons must:
> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defend- ant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.
> …
> (c) SERVICE.
> (1) *In General*. **A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served…and must furnish the necessary copies to the person who makes service.** [Emphasis added.]

Defendant NATHAN LEMINGS swears under oath that he accepted service from the plaintiffs' process server, but the only document that the plaintiffs served on him was a complaint. *See* Declaration of Nathan Lemings, p. 3:7, 4:1, *and see* Exhibit 1,

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 6

DATH PLLC
BOX 208, 627-5ᵀᴴ ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918

attached thereto. Plaintiffs submitted a certificate of service alleging the private process server served the defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS at the defendants' California address with a summons listing the defendants' Washington address on June 8, 2013.  This error corroborates the testimony of NATHAN LEMINGS that he had never been served with a copy of the summons, contrary to the facts alleged in the certificate of service. The effect of Rule 4(c)(1) makes the plaintiffs "responsible for having the summons…served…"

Examination of the complaint served on NATHAN LEMINGS shows that the complaint did that did not provide critical information required by Rule 4 including:

(1) The time within which the defendants must appear and defend;

(2) Notice to the defendants that a failure to appear and defend will result in a default judgment against the defendants for the relief demanded in the complaint;

(3) The clerk's signature; or

(4) The court's seal.

Without this critical information, the failure of summons service deprived the defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS of being notified of the legitimacy or the pendency of the action. The failure to inform defendants of the deadline for responding to the Answer directly caused the default that defendants' are requesting relief from.

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 7

DATH PLLC
BOX 208, 627-5TH ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *See TCI Group*, 244 F.3d at 697.  In this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *See TCI Group*, 244 F.3d at 697.  Courts have "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. at 698. This approach is consistent with *Pioneer Investment Services Co. v. Brunswick Associates Ltd*., 507 U.S. 380, 388, 394–95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in light of which it is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. *See TCI Group*, 244 F.3d at 696–97; *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir.2009).  Here, there is no evidence that defendants were willful in their default.

Defendants NANDY, INC., NATHAN LEMINGS, and JANE DOE LEMINGS respectfully request the court enter an order vacating the orders of default entered against them on July 27, 2013 and permitting them to enter their defenses in this action.

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 8

DATH PLLC
Box 208, 627-5th st, 101b
Mukilteo, WA 98275
Phone: (424) 262-3827
Fax: (425) 298-3918

| | |
|---|---|
| 1 | VI. PROPOSED ORDER |
| 2 | A proposed order granting the relief requested accompanies this motion. |
| 3 | Dated: July 28, 2013. |
| 4 | DATH PLLC |
| 5 | |
| 6 | |
| 7 | By: /s/ Dubs A. Herschlip |
| 8 | DUBS A. T. HERSCHLIP, WSBA #31652 |
| 9 | dubsherschlip@gmail.com |
| | BOX 208, 627-5TH ST, 101B |
| 10 | MUKILTEO, WA 98275 |
| | PHONE: (424) 262-3827 |
| 11 | FAX: (425) 298-3918 |
| 12 | Attorney for Defendants Nandy, Inc., Nathan Lemings and Jane Doe Lemings |

DEFENDANTS' MOTION TO VACATE DEFAULT UNDER RULE 55(C)– Page 9

DATH PLLC
BOX 208, 627-5TH ST, 101B
MUKILTEO, WA 98275
PHONE: (424) 262-3827
FAX: (425) 298-3918