HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TACOMA THERAPY, INC, TACOMA REHABILITATION THERAPY INC, PS, ANDREW JACOBS, MELANIE JACOBS, NANDY, INC, NATHAN LEMINGS, JANE DOE LEMINGS, LAW OFFICE OF MCLAUGHLIN AND ASSOCIATES, INC, WESLEY MCLAUGHLIN, JANE DOE MCLAUGHLIN, DOES 1-100, ROES 101-200, <br><br> Defendant. | CASE NO. C13-5214 RBL <br><br> ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS <br><br> [DKT. 22], [DKT. 29], [DKT. 33] |

This matter comes before the Court on three separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs, a group of four insurance companies, commenced this action on March 21, 2013, alleging that the Defendants have conspired to obtain payment for medical services that were either not medically necessary or not actually performed. Plaintiffs assert

ORDER- 1

common law claims for fraud and intentional misrepresentation, conspiracy to defraud, and unjust enrichment. Plaintiffs also seek damages for violations of the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. § 1961, et seq. ("RICO"); the Washington RICO Act, RCW 9A.82.100, et seq.; and the Washington Consumer Protection Act, RCW 19.86, et seq. On June 20, 2013, Defendants Andrew and Melanie Jacobs moved to dismiss all of Plaintiffs claims. On July 8, 2013, Defendants Law Office of McLaughlin & Associates, Inc. ("McLaughlin Law"), Wesley McLaughlin, and Jane Doe McLaughlin also moved to dismiss all of Plaintiffs' claims, and Defendants Tacoma Therapy, Inc., a massage therapy provider, and Tacoma Rehabilitation Therapy, Inc., a physical therapy provider, (collectively, "the Care Providers") moved to dismiss Plaintiffs' RICO claims. For the reasons stated below, the Defendants' motions are **DENIED**.

## I. BACKGROUND

According to the Complaint, the Defendants submitted fraudulent medical reports to Plaintiffs, through the mail, and then used those reports to leverage artificially inflated insurance settlements. Plaintiffs allege that Andrew Jacobs, then owner and manager of the Care Providers, required the Care Providers' therapists to treat patients according to a pre-established treatment plan, regardless of the patients' symptoms or diagnoses. Plaintiffs further allege that the Care Providers falsely reported patient symptoms, complaints, and injuries to misrepresent the need for continued therapy. Plaintiffs contend that based on these practices, which were specifically implemented to generate large medical bills, the Care Providers billed for medically unnecessary, excessive, and duplicative treatment and even treatment that they did not actually provide. If Plaintiffs insured the patient, the Care Providers submitted the bills, themselves. If the patient was injured by one of Plaintiffs' insureds, the Care Providers referred the patient to McLaughlin Law. McLaughlin Law then submitted the bills and medical reports to Plaintiffs

and demanded a settlement.  Plaintiffs' have attached to their Complaint a list of 200 claimants with whom they claim to have settled based in part on the Care Providers' artificially inflated bills.

## II.    DISCUSSION

### A.    Fed. R. Civ. P. 12(b)(6) Standard

Because cases should generally be decided on their merits, Rule 12(b)(6) motions are generally disfavored.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).  A complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *Vasquez v. L.A. Cnty.,* 487 F.3d 1246, 1249 (9th Cir.2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

Additionally, a party alleging fraud must "state with particularity the circumstances constituting fraud," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).  To comply with Rule 9(b), allegations of fraud must state "the who, what, when, where, and how" of the misconduct charged.  *Cafasso v. General Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011).  This heightened pleading standard ensures that defendants have adequate notice of the alleged misconduct so that they can defend against the charge and are not left to simply deny that they have done anything wrong. *Kerns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2008).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (*citing Gottreich v. San Francisco Inv. Corp.*, 552 F.2d 866, 866 (9th Cir. 1977)) (internal quotations omitted).

### B. Civil RICO Claims

To assert a civil RICO claim under 18 U.S.C. § 1962(c), plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  RICO defines "racketeering activity" as any "chargeable" or "indictable" act under a number of enumerated state and federal offenses.  *See* 18 U.S.C. § 1961(1).  Plaintiffs allege mail fraud and wire fraud as the predicate acts supporting their RICO claims.  Mail or wire fraud consists of the following elements:  (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires in furtherance of the scheme; and (3) specific intent to deceive or defraud.  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010).  Because Rule 9(b) allows plaintiffs to plead the conditions of a person's mind generally, only the factual circumstances of the fraud itself must be pled with particularity. *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007).

Plaintiffs' describe in detail the alleged scheme to defraud and each of the Defendants' roles in carrying out that scheme.  The alleged fraud consisted of submitting falsified medical reports and bills to Plaintiffs through the U.S. mails and wires.  The Complaint includes a list of 200 specific claimants that the Defendants allegedly used as conduits to perpetrate their scheme against Plaintiffs.  In the body of the Complaint, Plaintiffs have identified specific claimants as examples to illustrate various aspects of the alleged fraud.  Although Plaintiffs did not allege the time, place, and specific content of each communication sent through the mail or wires, Plaintiffs have pled the circumstances of the alleged mail and wire fraud with sufficient particularity to inform the Defendants of their alleged misconduct and allow them to prepare an adequate answer.  Rule 9(b) requires the circumstances constituting fraud to be stated with particularity.  It does not require the pleading of detailed evidentiary matter.  *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973).  The details of the mailings and interstate wire communications can be dealt with in discovery.

### C.     Washington Consumer Protection Act Claim

To assert a claim under the Washington Consumer Protection Act, a plaintiff must allege that (1) the defendant engaged in an unfair or deceptive act or practice; (2) the act or practice occurred in trade or commerce; (3) the act or practice impacted the public interest; (4) the plaintiffs suffered injury to his or her business or property; and (5) the deceptive or unfair act or practice caused the plaintiff's injury.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531, 533 (1986).  Plaintiffs allege that the Defendants' fraudulent billing scheme was an unfair trade practice that affected the public interest by preventing legitimate clinics from treating the Care Providers' patients and by inducing numerous insurance companies to pay illegitimate claims.  Plaintiffs allege that they were one of those insurers and that the Defendants' unfair practice accordingly injured their business.

Plaintiffs have thus adequately pled their Consumer Protection claim and can proceed to discovery. Whether the substance of Plaintiffs' allegations entitles them to relief on the merits is an issue better addressed at trial.

### D. Common Law Claims

All of Plaintiffs' common law claims sound in fraud. As discussed above, the Complaint sufficiently describes the circumstances of the alleged fraud to satisfy Rule 9(b) and survive Defendants' motions to dismiss. For each claim, Plaintiffs have pled all of the elements and their recitation of supporting facts makes the claims facially plausible. Plaintiffs are entitled to a decision on the merits.

### III. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss, [Dkts. 22, 29, & 33] are **DENIED**.

Dated this 4th day of September, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE