HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TACOMA THERAPY, INC., et al., <br><br> Defendants. | CASE NO. 13-CV-05214-RBL <br><br> ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR DISMISS COUNTERCLAIMS <br><br> [DKT # 64] |

**I.    Introduction**

THIS MATTER is before the Court on Plaintiff[1] Allstate's motion to strike or dismiss Defendant McLaughlin's Counterclaims. Defendants are Tacoma Therapy, Inc., Tacoma Rehabilitation, Inc., and the Law Office of McLaughlin & Associates, Inc. The individual owners of these entities and their spouses are also named in the suit. Plaintiffs are four related

---

[1] The Plaintiffs are separate Allstate-related entities. For clarity, this Order will reference them in the singular "Allstate," unless the context requires otherwise.

insurance companies. The Defendants have provided medical and legal services to Allstate's insureds. Allstate claims that the Defendants conspired to obtain insurance payments for medical services that were either not medically necessary or not actually performed. Wesley McLaughlin and his law firm counterclaimed, asserting claims for conspiracy, defamation, Washington Consumer Protection Act violations and tortious interference. McLaughlin alleges that Allstate committed all of these violations by filing this lawsuit. Allstate now seeks to strike or dismiss the counterclaims under Washington's Anti-SLAPP law or Fed. R. Civ. P. 12b(6). For the reasons stated below, Allstate's motion to strike is **DENIED**. Allstate's motion to dismiss the conspiracy, defamation or tortious interference counterclaims is **GRANTED**. Allstate's motion to dismiss the CPA claim is **DENIED**.

**II.     Background**

Allstate alleges that the Defendants used a referral scheme to commit insurance fraud. It claims that the provider Defendants overbilled Allstate's insureds and third-party claimants. Then, McLaughlin and his law firm submitted claims to Allstate and recovered payment for treatment that was not necessary or, in some cases, not provided at all.

McLaughlin not only denies all of Allstate's allegations, he has counterclaimed alleging that by filing this lawsuit, Allstate has defamed him, conspired to defraud and extort him, violated the Washington Consumer Protection Act, and tortiously interfered with his business expectations. To be clear, all of McLaughlin's counterclaims are based solely on the fact that Allstate's filed this lawsuit.

McLaughlin alleges that the multiple Allstate entities conspired to defraud and extort him and others who accept liens on insurance claims as payment. According to McLaughlin, Allstate filed this lawsuit and similar lawsuits around the country in an attempt to drive these providers

1  out of business. He further alleges that Allstate's allegedly fraudulent litigation violates the
2  Washington Consumer Protection Act.
3      Allstate moves to dismiss or strike the counter claims, arguing that they are asserted in
4  retaliation for its original complaint. Allstate first claims that the suit is a SLAPP suit and subject
5  to a motion to strike under the Washington Anti- SLAPP law. In the alternative, Allstate argues
6  dismissal is warranted under Rule 12b(6) for failure to state a claim.

### III.    Discussion

**A. Washington Anti-SLAPP Law**

Allstate claims that McLaughlin's counterclaims are barred by Washington's Anti-SLAPP law. Specifically, Allstate claims that McLaughlin's counterclaims are retaliatory and an attempt to silence Allstate's public participation. McLaughlin contends that the Anti-SLAPP law does not apply because this is a private dispute, not an issue of public concern.

Strategic lawsuits against public participation (SLAPP suits) are suits filed in retaliation for speaking out on an issue of public concern and are designed to silence the speaker. *Aronson v. Dog Eat Dog Films, Inc*., 738 F.Supp.2d 1104, 1109 (2010).

> [S]trategic lawsuits against public participation (or SLAPP suits) are "filed against individuals or organizations on a substantive issue of some public interest or social significance," and "are designed to intimidate the exercise of First Amendment rights."

*Id*. The party subject to the SLAPP suit can move to strike the SLAPP claim. R.C.W. 4.24.525(4).

> (4)(a) A party may bring a special motion to strike any claim that is based on an action involving public participation and petition, as defined in subsection (2) of this section.

*Id*. Actions involving public participation are in furtherance of free speech and connected to an issue of public concern. *Id*. at (2)(e).

>   (2) This section applies to any claim, however characterized, that is based on an action involving public participation and petition. As used in this section, an "action involving public participation and petition" includes:
>   
>   >   (e) Any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public concern, or in furtherance of the exercise of the constitutional right of petition.

*Id*. The key to protection under the Anti-SLAPP statute is a direct connection between the actions of the party faced with a SLAPP suit and an issue of public concern; the balance of power between the parties does not matter. *Aronson*, 738 F.Supp.2d at 1111.

>   That Defendant may be considered a powerful business entity as compared with the private party Plaintiff is of no import under the modern framework of the statute. Nor is it critical that Plaintiff is not a public figure… a private individual satisfies this requirement so long as there is a direct connection with the individual to a discussion of a topic of widespread public interest.

*Id*. The moving party has the initial burden of showing by a preponderance of the evidence that the claim to be stricken is based on an action involving public participation and petition. *Id*., at 1009. The act is to be construed liberally to effectuate the general purpose of protecting participants in public controversies from an abusive use of the courts. *Id*. at 1110.

In order to win on an anti-SLAPP motion, Allstate must establish that the SLAPP suit seeks to chill its rights—that it was triggered by Allstate's filing its lawsuit on an issue of public concern. Allstate has not articulated any issue of public concern. Allstate's claims arise from its own overpayment on its insured's claims, not from any larger issue of public concern. There is no direct connection to an issue of public concern, Allstate is simply attempting to recover money. There is also no first amendment issue in this case. Allstate's motion to strike McLaughlin's counterclaims under the Washington Anti-SLAPP law is **DENIED.**

**B. 12(b)(6) Standard**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

1  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state
2  a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
3  (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content
4  that allows the court to draw the reasonable inference that the defendant is liable for the
5  misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts,
6  conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper
7  Rule 12(b)(6) motion.  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v.*
8  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide
9  the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
10 formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be
11 enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550
12 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more
13 than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949
14 (citing *Twombly*).

**1.   Conspiracy to Defraud & Extort**

McLaughlin alleges that Allstate (and the related Allstate entities) conspired to "defraud and extort" service providers doing work in exchange for liens on future payments. McLaughlin alleges that the goal of this alleged conspiracy was to drive such providers out of business. McLaughlin claims that this lawsuit is the vehicle Allstate used in an effort to accomplish this conspiracy. Allstate seeks dismissal of the conspiracy counterclaim, arguing that there is no evidence of any actionable overt act. It argues that filing a lawsuit is not unlawful as a matter of law, and that the identity(ies) of the co-conspirators is unclear.

A conspiracy is a combination of two or more persons contriving to commit a criminal or unlawful act, or to commit a lawful act for criminal or unlawful purposes. *Adams v. King County.,* 164 Wn.2d 640, 660, 192 P.3d 891 (2008). To establish a civil conspiracy, a plaintiff must prove that: (1) two or more people combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy. *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.,* 114 Wn.App. 151, 160, 52 P.3d 30 (2002). Civil conspiracy is not, by itself, an actionable claim. *W.G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 439, 438 P.2d 867 (1968). The plaintiff must be able to show an underlying actionable claim which was actually accomplished by the conspiracy for the civil claim of conspiracy to be valid. *Id.* at 439. An act consistent with a lawful and honest undertaking cannot form the basis of a civil conspiracy. *Lewis Pac. Dairymen's Ass'n v. Turner,* 50 Wn.2d 762, 772, 314 P.2d 625 (1957).

Here, the only basis for the conspiracy is Allstate's filing this lawsuit. McLaughlin has not cited any case (and the Court can find none) suggesting that filing a lawsuit can form the "illegal act" element of a civil conspiracy claim. McLaughlin has not alleged (and apparently cannot allege) a completed overt act. This claim is deficient as a matter of law. Allstate's motion to dismiss for failure to state a claim for conspiracy to defraud and extort is **GRANTED,** and that claim is **DISMISSED** with prejudice.

**2.   Defamation**

McLaughlin's defamation counterclaim alleges that Allstate's complaint falsely claims that McLaughlin participated in a fraudulent scheme, and misrepresented information to Allstate. Allstate argues that the allegedly defamatory statements were made in the course of this litigation, and that they are privileged as a matter of law.

1    A defamation plaintiff must prove four elements: (1) falsity, (2) an unprivileged
2 communication, (3) fault, and (4) damages. *Paterson v. Little, Brown and Company,* 502 F.
3 Supp. 2d 1124, 1132 (W.D. Wash 2007). Statements are privileged if they are made: (1) in good
4 faith; (2) if there is an interest to be upheld; (3) if the statement was limited in its scope to this
5 purpose; (4) if the statement was made at a proper occasion; and (5) if publication was made in a
6 proper manner to the appropriate parties only. *See* 50 Am. Jur. 2d Libel and Slander § 25.
7    Statements made during the course of and relevant to judicial proceeding are absolutely
8 privileged. *Story v. Shelter Bay Co.*, 52 Wn.App. 334, 338, 760 P.2d 368 (1988). The judicial
9 proceeding privilege applies when authorities have the power to discipline with perjury sanctions
10 and strike impermissible statements from the record. *Id.* The privilege applies to in-court
11 statements and out-of-court statements that are pertinent or material to the redress or relief
12 sought. *Demopolis v. Peoples Nat. Bank of Washington*, 59 Wash. App. 105, 109, 796 P.2d 426,
13 429 (1990).
14    The statements forming the basis for McLaughlin's defamation claim originate in
15 Allstate's complaint. This Court retains the power to impose sanctions for perjury or Rule 11
16 violations and can strike statements if necessary. The litigation privilege applies to these
17 statements and they cannot form the basis for a defamation claim as matter of law. Allstate's
18 motion to dismiss the defamation counterclaim is **GRANTED**, and that claim is **DISMISSED**
19 with prejudice.

20              **3.   Violation of the Washington Consumer Protection Act**

21    McLaughlin asserts that, by filing this lawsuit and others like it, Allstate is engaging in an
22 unfair method of competition. He claims that the lawsuits are an attempt to drive providers (like
23 him) who do work for Allstate's insureds in exchange for liens on future recoveries, out of
24

business. Allstate responds that filing cannot be an unfair method of competition because a lawsuit is not a part of "in trade or commerce."

To prevail in a private CPA action, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 73, 170 P.3d 10 (2007). If plaintiff cannot establish all five elements, his CPA claim must be dismissed. *Id.*

The terms "trade" and "commerce" include the sale of assets or services, and any commerce directly or indirectly affecting Washington citizens. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.* 105 Wn.2d 778, 785, 719 P.2d 531 (1986), citing RCW 19.86.010(2). Generally, once a lawsuit is filed, the matter is under the control of the court, and as such is a private dispute not occurring in trade or commerce. *Blake v. Fed. Way. Cycle* Ctr., 40 Wash.App. 302, 312, 698 P.2d 578, 584. However, if a party routinely files lawsuits as part of its business, its conduct, pleadings, affidavits and testimony within those lawsuits *are* within the sphere of trade or commerce. *Cruson v. A.A.A.A., Inc*., 140 Wash. App. 1012 (2007).

McLaughlin's CPA counterclaim is sufficiently plausible to survive a motion to dismiss. Insurance companies are frequently engaged in litigation as part of their business and therefore such litigation is within the sphere of trade or commerce. McLaughlin has adequately pled his CPA claim. The sufficiency of McLaughlin's evidence may be tested in a Motion for summary judgment, or at trial. Allstate's motion to dismiss the CPA counterclaim is **DENIED**.

### 4. Tortious Interference

McLaughlin's tortuous interference counterclaim alleges Allstate's lawsuit intentionally caused the termination of his business expectancy (presumably by driving away clients or hindering referrals). He claims Allstate's ultimate object is to destroy the business of medical and legal service providers, including McLaughlin. Allstate seeks dismissal of this claim, arguing that any interference was privileged as a matter of law.

Under Washington law, a claim for tortious interference with a contractual relationship or business expectancy requires plaintiff prove five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) damage. *Topline Equipment, Inc. v. Stan Witty Land, Inc.,* 31 Wn.App. 86, 92, 639 P.2d 825 (1982).

A person is not liable for interference with prospective economic advantage if the interference is privileged. *Cherberg v. Peoples Nat'l Bank*, 88 Wash.2d 595, 604-05, 564 P.2d 1137 (1977). Statements privileged from defamation are also privileged under the law of interference with prospective economic advantage. *Stidham v. Department of Licensing*, 30 Wash.App. 611, 615-16, 637 P.2d 970 (1981). Exercising one's legal interest in good faith is not improper interference. *Tacoma Auto Mall, Inc. v. Nissan N. Am., Inc.,* 169 Wn.App. 111, 132-33, 279 P.3d 487 (2012). A party is not guilty of tortious interference when (1) he has a legally protected interest, (2) which he in good faith asserts or threatens to protect, and (3) the threat is to protect the interest by appropriate means. *Quadra Enterprises, Inc. v. R.A. Hanson Co., Inc.*, 35 Wash. App. 523, 527, 667 P.2d 1120, 1122 (1983).

McLaughlin's tortious interference claim is based solely on Allstate's lawsuit against him. Allstate's allegations are privileged in the defamation context, and they are privileged in the tortious interference context.

McLaughlin's claim for tortious interference fails as a matter of law. Allstate's motion to dismiss the tortious interference counterclaim is **GRANTED**, and that claim is **DISMISSED** with prejudice.

### IV.    Conclusion

- Allstate's anti-SLAPP motion to strike is **DENIED**.
- Allstate's Motion to Dismiss McLaughlin's conspiracy to defraud and extort counterclaim is **GRANTED** and that claim is **DISMISSED** with prejudice.
- Allstate's Motion to Dismiss McLaughlin's defamation counterclaim is **GRANTED** and that claim is **DISMISSED** with prejudice.
- Allstate's Motion to Dismiss McLaughlin's Consumer Protection Act counterclaim is **DENIED**.
- Allstate's Motion to Dismiss McLaughlin's tortious interference counterclaim is **GRANTED** and that claim is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 16th day of April, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE