HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TACOMA THERAPY, INC,<br><br>　　　　　　Defendant. | CASE NO. C13-5214 RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>[DKT. #129] |

THIS MATTER is before the Court on Plaintiff Allstate's Motion for Leave to File First Amended Complaint [Dkt. #129].

## I.　BACKGROUND

Allstate filed a complaint on March 21, 2013, naming multiple defendants. The deadline for adding additional parties was January 21, 2014. When Allstate sought an extension the Court explained that "if Plaintiff identifies a specific party it wishes to join as a defendant the court will evaluate that request at that time." [Dkt. #80]. Allstate deposed Nathan Lemings and obtained information regarding other parties: Wesley McLaughlin, Andrew Jacobs, and DSM.  Defendant Andrew Jacobs has been unresponsive during the discovery process.  McLaughlin responded to the Requests for Admissions but Jacobs has not.  Jacobs does not oppose amendment.

Allstate seeks to add two defendants: Law Office of McLaughlin & Associates, PLLC (a former iteration of the current McLaughlin, Inc., defendant) and Direct Solutions Marketing. Allstate also seeks to add a claim that Andrew Jacobs (a non-lawyer) improperly owned an interest in the McLaughlin Law firm (both when it was a PLLC, and later, when it was a corporation). It also seeks to add a claim that McLaughlin Law improperly transferred profits to him via Direct Solutions Marketing. Allstate argues that amending the complaint to add these claims and allegations would clarify the scope of the fraudulent scheme and the RICO enterprise alleged in the original complaint.

Allstate claims it learned that McLaughlin PLLC existed—and that Jacobs' owned it—discovery process. Allstate similarly claims it was aware Jacobs owned DSM prior to filing, but was only learned in discovery that that was the conduit used to funnel profits from the law firm to Jacobs.   Allstate again relies on Defendant Lemings' deposition and requests for admissions sent to McLaughlin and Jacobs to support its assertions.

McLaughlin opposes amendment. He (and the firm) argues that the PLLC's existence was a matter of public record, and that, in any event that entity dissolved on January 31, 2008—much more than four years before this RICO claim was filed.
McLaughlin argues adding this party would be futile because there is no entity to sue. He also argues Allstate's motion is untimely when the case schedule deadline for adding parties was January 21, 2014, and Allstate unduly delayed in bringing this motion based on the information they had in February. McLaughlin argues Allstate bases their allegations on information gathered through a collusive "Mary Carter" agreement with Lemings, and requests for admissions to which *Jacobs* did not respond, which cannot bind McLaughlin. McLaughlin claims that Jacobs did not have ownership interest in McLaughlin Law and that the firm used DSM for marketing

purposes. McLaughlin argues Allstate has failed to establish good cause to amend the complaint beyond the case schedule, and that lacks standing to bring an action to enforce the RPCs regarding ownership of a law firm in any event.

## II.   DISCUSSION

The parties are bound by the dates in a scheduling order and the schedule may only be modified for good cause. Mere failure to complete discovery does not constitute good cause. FRCP 16 (b)(4). At the same time, the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). But the Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). If a new claim is barred by the statute of limitations and without legal merit the court can deny the amendment. *See Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009); *Liberty Leather Corp. v. Callum*, 653 F.2d 694 (1st. Cir. 1981). Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### A.   Amended Complaint

Allstate claims they became aware of the parties and their connection to the RICO scheme through discovery. It also argues there is good cause to add these parties when they were directly involved. It also claims this motion is timely because the Requests for Admissions support the allegations and were not received until September.

McLaughlin argues this motion is untimely based on the deadline and information that was available to Allstate earlier. He also argues that Allstate has not shown good cause to amend the scheduling order. He claims these allegations are based on information obtained through a

collusive "Mary Carter" Agreement between Allstate and defendant Nathan Lemings. McLaughlin also argues, more persuasively, that amendment would be futile.

**B.     Law Office of McLaughlin & Associates, PLLC**

McLaughlin Law, PLLC dissolved in 2008. Allstate argues that there is no significant distinction between Wesley McLaughlin's "PLLC" and "Inc." Allstate claims the allegations against both entities are the same over differing time periods and the amendment is for practical purposes. Allstate adds a claim that Jacobs had an ownership interest in both firms. McLaughlin argues that RICO's four year limitations period bars Allstate from suing the PLLC as a matter of law. He also argues the amendment would be futile because the PLLC does not exist, and the suit already includes the "Inc." that replaced the "PLLC."

These are all valid points, as is the arguments that Allstate does not have standing to assert a claim that Jacobs' ownership interest violated the RPCs. This claim is without merit, as matter of law. Adding the PLLC as a defendant would therefore be futile.

Allstate's Motion to Amend to add claims against the "Law Office of McLaughlin & Associates, PLLC" and related allegations is DENIED.

**C.     Direct Solutions Marketing, Inc.**

Allstate also seeks to add DSM as a defendant. Allstate admits that it was aware that DSM existed, and that Jacobs owned it. It claims it learned that DSM was funneling law firm profits to Jacobs. Allstate argues that DSM should be added as a defendant because it participated in the RICO scheme.

McLaughlin admits his firm used DSM for marketing purposes, and that Jacobs owned the company. Its best defense to adding DSM is the case schedule; unlike the persuasive

"futility" defense above, DSM has not shown and cannot show that the claims against it are defective as a matter of law.  Allstate's Motion for Leave to Amend to add claims against DSM is GRANTED.

IT IS SO ORDERED.

Dated this 17th day of December, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE