Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>Defendants. | Case No. 3:13-cv-5214<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

**ALLSTATE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

COMES NOW, Plaintiffs ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY COMPANY, ALLSTATE INDEMNITY COMPANY and

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY (hereinafter collectively "Allstate"), by and through their counsel of record, Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane, PLLC, and hereby move this Court to grant Plaintiffs' Motion for attorneys' fees and other costs of litigation from the Defendants Andrew Jacobs and Direct Solutions Marketing (hereinafter, individually referred to as "Jacobs" and "DSM" or collectively referred to as "defendants") in the above-captioned matter. This motion is brought on the following grounds:

1) Allstate is the "prevailing plaintiff" in this litigation, for purposes of the awarding of attorneys' fees and other costs, pursuant to 18 U.S.C. § 1964(c), Revised Code of Washington (RCW) 9A.82.100, and RCW 19.86.090. Since Allstate prevailed at trial on every Racketeer Influenced Corrupt Organization claim advanced, as well as the Washington Consumer Protection Act (CPA) it hereby requests attorneys' fees and other allowable costs from the defendants.

2) Allstate is entitled to attorney's fees it incurred in the investigation and prosecution of this action (including for the preparation of this motion), pursuant to 18 U.S.C. § 1964(c), and pre- and post-judgment interest thereon.

3) Allstate is entitled to the costs it incurred in the investigation and prosecution of this action, pursuant to RCW 9A.82.100, and pre- and post-judgment interest thereon.

# I.
# INTRODUCTION

This is an action brought against Andrew Jacobs and Direct Solutions Marketing and other related entities under Federal and Washington Racketeer-Influenced and Corrupt Organizations ("RICO") statutes (18 U.S.C. §§ 1961-1968; RCW 9A.82.001-902), wherein Jacobs was an unlicensed massage and physical therapist, improperly and unlawfully treated massage therapy and physical therapy patients, and had an undisclosed and illegal pecuniary interests in the Law Office of McLaughlin & Associates, by which

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 2

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

Allstate sought to recover sums paid by Allstate on the settlement of 168 first-party and third-party personal injury claims that had been handled by the various entities under Jacobs' ownership and control.

The instant suit sought recovery against Jacobs and his business entities for violation of both Washington State and Federal RICO law and CPA for exaggerating clinical findings, charging for treatments not provided, providing unnecessary and excessive massage therapy and physical therapy treatment, grossly misrepresenting billings, making inappropriate referrals, including to and from a law firm that he had an illegal and undisclosed ownership interest in, and a exhibiting a general pattern of illegal, fraudulent and other damaging conduct over the course of a number of years. The result of such conduct on the part of Jacobs was to inflate the medical bills of each patient, which bills formed the bases for the resolution of all 168 of the claims at issue. This inflation of medical bills damaged Allstate by virtue of Allstate thereby overpaying for the settlement of such cases.

At the time of trial, the operative Complaint contained six (6) causes of action, which were as follows: Count One – RICO §1962(c) Conduct of Enterprise; Count Two – RICO §1962(d) Conspiracy; Count Three – WA RICO RCW 9A.82.100; Count Four – Fraud and Intentional Misrepresentation; Count Five – Conspiracy to Defraud; and Count Six – Violation of CPA.

The Court granted summary judgment as to liability on all Counts (one through six) on September 1, 2015. (Dkt. No. 176). After a 2-day bench trial on damages, the Court entered Allstate's Findings of Fact and Conclusions of Law. (Dkt. No. 198).

Allstate relied to its detriment on the fraudulent billings and that such reliance had resulted in the improper inflation of 168 claims, thereby resulting in overpayments by Allstate to Jacobs' entities and ill-gotten gains to DSM. The inflated settlements were based upon the medical reports, referrals and bills submitted by Jacobs through his TMT and TRT entities. The Court found Jacobs and DSM liable to Allstate for damages on

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 3

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

both the Federal and State RICO claims, as well as the CPA. (Dkt. Nos. 176 and 198). In fact, the Court found Jacobs and DSM liable under all causes of action advanced by Allstate. (Id.)

18 U.S.C. § 1964(c) mandates a prevailing party award; therefore the Court's discretion on the propriety of awarding fees is limited to determining whether a party has "prevailed." <u>Image Technical Service, Inc. v. Eastman Kodak Co.</u> (9th Cir. 1998) 136 F.3d 1354, 1357; <u>United HealthCare v. American Trade Ins. Co., Ltd.</u> (8th Cir. 1996) 88 F.3d 563, 575. The Court already made this determination through its Judgment. (Dkt. No. 199).

Because Allstate was awarded $150,000 in compensatory damages, trebled to $450,000 for the Washington and Federal RICO violations, Allstate is the "prevailing plaintiff" in this litigation, for purposes of awarding attorneys' fees and other costs, pursuant to 18 U.S.C. § 1964(c) and RCW 9A.82.100.

Like their federal counterparts, Washington's anti-racketeering statutes provide for a civil cause of action for injuries resulting from racketeering activities under which a plaintiff may recover treble damages, attorney's fees and litigation costs. See RCW 9A.82.100(1)(a). RCW 9A.82.100 is in fact more broad than 18 U.S.C. § 1964(c) in this regard, as it allows not only attorney's fees, but all costs of litigation (including the costs of investigation) to be recovered.[1] Since Allstate prevailed at trial on every RICO claim advanced (both Federal and State), it hereby requests attorneys' fees and other allowable costs (including pre and post judgment interest) under both statutes, against Jacobs and DSM, as follows:

| **Attorney's Fees** | $965,356.50 |
|---|---|

---

[1] Allstate is also filing a Bill of Costs in this case, which seeks those costs taxable pursuant to FRCP 54(d)(1). Allstate's Motion for Attorney's Fees and Costs also seeks recover of costs, many of which can be found in the Bill of Costs. Allstate is not seeking double recovery of any item of costs, however. Rather, it is seeking costs on all available bases.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 4

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

| Expert Expenses | $206,722.10 |
| --- | --- |
| Other Vendor Bills | $32,842.11 (YOM Court Reporting Invoices) |
| | $28,248.84 (Cost Spreadsheet, Exhibit L to Cannon Decl.) |
| Other Miscellaneous Costs | $4,222.75 (Trial Exhibits, Exhibit K to Cannon Decl.) |
| **Total Costs** | **$272,035.80** |
| **Total Fees and Costs** | **$1,237.392.30** |

Final Judgment was entered in this case on September 6, 2016. (Dkt. No. 199). The Court's Judgment provides:

> The Court awards actual damages to Allstate in the amount of $150,000 , trebled under RICO to $450,000. Further, **the Court will award the reasonable attorney fees and costs as reflected in the submittal to be provided by counsel no later than September 12, 2016** and after Mr. Jacobs has an opportunity to respond to the fee application by September 23, 2016.

See, Exhibit A to the Declaration of Eron Z. Cannon (hereinafter referred to as "Cannon Decl.")

## II. LAW AND ARGUMENT

### A. Allstate Is Entitled To Its Attorneys' Fees

#### 1. Statutory Bases For The Attorneys' Fees Sought

Federal Rule of Civil Procedure 54(d)(2)(A) states in pertinent part: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

Federal Rule of Civil Procedure 54(d)(2)(B) states in pertinent part: "Unless a statute or a court order provides otherwise, the motion [for attorney's fees and related nontaxable expenses] must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the Judgment and the statute, rule, or other grounds entitling the movant to the award;  (iii) state the amount sought

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 5

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 ・ f. 206-749-0194

1  or provide a fair estimate of it;"

2  18 U.S.C. § 1964(c) states in pertinent part:

3  "Any person injured in his business or property by reason of a violation of section 1962 of
4  this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court
5  and shall recover threefold the damages he sustains and the cost of the suit, including a
6  reasonable attorney's fee . . . ."

7  A claim for attorney's fees is integral to a cause of action under 18 U.S.C. § 1964, since
8  attorney's fees are an essential part of the relief that Congress intended to make available to
9  parties injured by racketeering violations; a fee award is therefore mandatory to successful civil
10 RICO plaintiffs such as Allstate. Alcorn County v. U.S. Interstate Supplies (5th Cir. 1984) 731
11 F2d 1160, 1165. Attorney's fees are allowed for work done on related claims derived from
12 related legal theories upon a common core of facts, including state law claims which arise from
13 the same transactions underlying RICO claims. Abell v. Potomac Ins. Co. (5th Cir. 1988) 858
14 F2d 1104, 1142; Hernandez v. Hill Country Telephone Coop, Inc. (5th Cir. 1988) 849 F.2d 139,
15 144, citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

16 Furthermore, RCW 9A.82.100 states in pertinent part:

17 "A person who sustains injury to his or her person, business, or property by an act of
18 criminal profiteering that is part of a pattern of criminal profiteering activity or by an offense
19 defined in RCW 9A.40.100, or by a violation of RCW 9A.82.060 or 9A.82.080 may file an action
20 in superior court for the recovery of damages and the costs of the suit, including reasonable
21 investigation and attorney's fees."

22 Legal expenses are regarded as concrete financial losses not mere injury to valuable
23 intangible property interests, and are likewise recoverable under RICO. Chaset v. Fleer/Skybox
24 Int'l, LP (9th Cir. 2002) 300 F.3d 1083, 1086-87; Burger v. Kuimelis (N.D.Cal. 2004) 325
25 F.Supp.2d 1026, 1035.

26 When one party wins on every claim in issue, "determining which party has prevailed is a
27 straightforward task." Manildra Milling Corp. v. Ogilvie Mills, Inc. (Fed. Cir. 1996) 76 F.3d

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 6

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 ・ f. 206-749-0194

1178, 1182. Allstate prevailed on all of its RICO-based causes of action against Defendants in this case, as well as on all of its other causes of action (as demonstrated by the Court's Order on Summary Judgment and the final Judgment entered by the Court). Allstate is therefore entitled to all of its attorney's fees and related legal expenses (including expert expenses) from Defendants.

Moreover, the amounts sought by Allstate by way of this motion are reasonable and supportable, based upon the length and complexity of this litigation, the hourly rates charged by Allstate's attorneys in this litigation, the amount of money at stake in this litigation, the amount of skill and effort needed to prosecute this litigation, the necessity of the expert work (and fees) utilized by Allstate to investigate and prosecute this litigation, as well as the time expended to prepare this Motion and all documents supporting it.

**2.    The Litigation Was Complex**

In order to successfully prosecute this action, Allstate was compelled to engage in extensive and time-consuming discovery and document review. (Cannon Decl, ¶ 8). In addition to voluminous written discovery, sixteen (16) depositions were conducted in this case, and Allstate alone provided over 50,000 pages of documents pursuant to its F.R.C.P. disclosure requirements. (Cannon Decl., ¶ 8.) Significant law and motion practice was also required in this case, both to defend Allstate against the Defendants' multiple dispositive motions, and also to brief and analyze a myriad of procedural and substantive issues. (Cannon Decl., ¶ 9.) In addition, trial against Defendant Jacobs and DSM was set to begin in October, 2015; however, due to Mr. Jacobs' bankruptcy filing, the trial was stayed until August 2016. Allstate had to prepare for trial on both of these occasions. (Cannon Decl., ¶ 9). While Jacobs had been absent from litigation for over a year, he suddenly appeared the day of trial and asked to present four witnesses. This required additional work and preparation to defend. A sense of the length and complexity and hard-fought nature of this litigation may be gleaned from the Court's docket for this case, which runs in excess of 20 pages. (Cannon Decl., Ex. "M.")

Because Jacobs never disclosed his illegal financial interest in the McLaughlin law

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 7

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 ᛫ f. 206-749-0194

firm, or the fact that he was the owner and operator of TMT and TRT, even though he was an unlicensed massage and physical therapist, aggressive investigation work and discovery had to be undertaken by counsel for Allstate, to uncover the scope and extent of the undisclosed relationships and the financial benefits reaped thereby by Jacobs. (Cannon Decl., ¶ 4, Ex. "B"). Jacobs and his entities purposefully hid the unethical referral process and the bonuses that his staff received for referrals to McLaughlin law, as well as billing for treatment not rendered and unethically incentivizing his employees to treat beyond what was necessary. This required many subpoenas to medical providers, witnesses and the taking of many Examinations Under Oath of various former employees, claimants and witnesses to uncover the extent of the fraud and to form a basis to file the present lawsuit. The investigation work was extensive and very involved. (Cannon Decl. ¶ 5.)

While Jacobs was the primary defendant in this litigation, he was by no means the only defendant, nor the only target of Allstate's discovery requests. Allstate's attorneys had to investigate the activities of and interrelationships between the other defendants, including Nate Lemings, Nandy, Inc., Tacoma Therapy and Tacoma Rehabilitation Therapy, Inc., Wesley McLaughlin and the Law Office of McLaughlin and Associates and Melanie Jacobs. (Dkt. No. 1 (Complaint)) These facilities were all owned and/or operated by Jacobs and/or were ultimately connected to Jacobs' fraudulent scheme. (Id.) Moreover, it was discovered that Jacobs had financial dealings with referral providers, including physicians and chiropractors in the community, as well as a law firm (McLaughlin), in which he had an illegal financial interest. Such facts were borne out of extensive investigation and discovery.

The factual and legal complexities of this case (which were compounded by the surreptitious nature of the fraudulent conspiracy at its core) therefore necessitated the investment of a considerable amount of attorney time and expenses, which are reflected in the billing statements attached as Exhibits "B" and "C" to the accompanying Declaration

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 8

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

of Eron Z. Cannon.

### 3. The Number Of Attorney Hours Devoted To The Case Was Reasonable and Necessary

The number of hours reasonably expended on a matter includes time spent investigating the complex facts of a case, conducting extensive discovery, drafting and revising pleadings, meeting with clients, and preparing the case for trial. Hensley v. Eckerhart, 461 U.S. 424, 430, fn. 4 (1983). As established in detail in the Declaration of Eron Z. Cannon, filed herewith, as well as the billing statements provided as exhibits in conjunction with same, the hours worked by the attorneys for Allstate were reasonable to adequately represent Allstate throughout the entire litigation process. This time encompasses hours spent over four years investigating and researching the factual and legal aspects of all of the claims ultimately pursued, participating in extensive discovery and motion practice, and preparation for and participation at a very complex motion for summary judgment liability and trial.

As indicated in the Court's docket for this case, this litigation was contentious. Defendants filed four (4) Motions to Dismiss all or portions of claims, the parties filed four (4) Discovery motions, one (1) substantial Motion for Summary Judgment by Allstate, (Cannon Decl., ¶ 9, Ex. "M.") All of these matters had to be addressed by Allstate's counsel, as reflected in the billing statements that are included as exhibits to the supporting Declaration of Eron Z. Cannon (Cannon Decl., Ex. "B" and "C").

### 4. The Hourly Rates Of Plaintiffs' Attorneys Are Reasonable

In determining a reasonable rate for the attorneys' services sought to be reimbursed, courts will consider the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the community, the nature of the work performed, and the attorneys' customary billing rates. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69 (9th Cir. 1975). As discussed in the concurrently-filed supporting Declaration of Eron Z. Cannon, the attorneys' fees sought herein were billed at hourly rates well within the range of customary charges in Pierce and King County, Seattle for

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 9

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

attorneys with similar training and experience, working on a similar type of case ($200/hr. for partners; $185/hr. for associates). (Cannon Decl., ¶ 11). Likewise, the hourly rates charged for the professional work of the paralegals employed are consistent with the customary charges in King County, Washington for paralegals with similar training and experience, working on a similar type of case ($105/hr.). (Cannon Decl., ¶ 11).

**5.     The Amount of Money Involved In This Litigation Was Considerable**

Allstate's investigatory and discovery efforts uncovered in excess of several hundreds of thousands of dollars in overcharges made by Jacobs, TMT and TRT, as well as illegal profits from the McLaughlin law firm, and fraudulent gains by Wesley McLaughlin and the Law Office of McLaughlin law firm passed to Jacobs through DSM. Given the deceitful and extensive nature of the Defendants' fraudulent billing practices, Allstate was entitled to seek treble damages under RICO statutes, as well as attorney's fees and costs. (Cannon Decl., ¶ 13.) At the very lowest, therefore, it was readily apparent that this case represented a seven-figure matter of dispute.

**6.     Great Skill And Effort Were Required In Handling This Litigation**

As indicated, this case involved a broad spectrum of issues, as well as specialized knowledge of both Federal and Washington Racketeer-Influenced and Corrupt Organizations ("RICO") law and practice. (Cannon Decl., ¶ 5.) As the Court will recall, the parties filed multiple dispositive motions, discovery motions, and there were tens of thousands of pages of disclosures and exhibits. The legal and factual issues presented by this case were complex, and required effort and skills above that of the average litigator. Simply put, this was not the type of case that could be undertaken by attorneys of typical skill or experience. Lastly, opposing counsel for the various defendants proved to be aggressive and formidable advocates for their clients, filing four (4) motions to dismiss. (Cannon Decl., ¶ 9.) A full sense of the contentiousness of this litigation may be gleaned from the case's docket. (Cannon Decl., Ex. "M.")

**7.     Attorneys' Fees For Time Spent Preparing This Motion**

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 10

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

In addition to the fees incurred during litigation, Allstate also expended additional time in preparing this attorneys' fees request. (Cannon Decl., ¶ 14.) Fees incurred by Allstate for the preparation of this motion should also be awarded. An award of fees may include not only the fees incurred with respect to the underlying claim, but also fees incurred for the time spent in obtaining the fee award. Camacho v. Bridgeport Financial, Inc. (9th Cir. 2008) 523 F.3d 973, 981; Hernandez v. Kalinowski (3rd Cir. 1998) 146 F.3d 196, 199; Board of Trustees of Hotel & Restaurant Employees Local 25 v. JPR, Inc. (DC Dir. 1998) 136 F.3d 794, 808. Allowing such "fees on fees" helps minimize unnecessary and frivolous litigation that may arise over fee awards. Hernandez v. Kalinowski, 146 F.3d at 199. As such, fees incurred by Allstate for the preparation of this motion should also be awarded. Currently, there have been a total of 65 hours expended by attorneys and other timekeepers of the Fain Anderson firm in the preparation of this motion and all related filings. (Cannon Decl., ¶ 14.) Given the hourly rates charged for such work, $10,000 in attorneys' fees for the preparation, research, drafting, review, revision and finalization of the instant Motion and all supporting documents should additionally be awarded to Allstate. (Cannon Decl., ¶ 14.)

**B.  Allstate Is Entitled To Costs**

    **1.  The Statutory Bases For The Costs Sought**

RCW 9A.82.100 states in pertinent part:

"A person who sustains injury to his or her person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity or by an offense defined in RCW 9A.40.100, or by a violation of RCW 9A.82.060 or 9A.82.080 may file an action in superior court for the recovery of damages and the costs of the suit, including reasonable investigation and attorney's fees." (Emphasis added.)

Moreover, under federal law, when a state law damages provision (such as RCW 9A.82.100) permits a prevailing plaintiff to recover "costs of any kind" as an element of compensatory damages, state substantive law trumps federal procedural law, and expert witness

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 11

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 • f. 206-749-0194

fees not recoverable under federal costs statutes are recoverable as damages under such state laws. Clausen v. M/V New Carissa (9th Cir. 2003) 339 F.3d 1049, 1064-1066. RCW 9A.82.060's provision for the prevailing party to recoup both attorney's fees, as well as "costs of the suit, including reasonable investigation [costs]" is sufficiently broad to be considered a provision awarding "costs of any kind" as damages for purposes of making the expert witness fees reasonably incurred by Allstate in this case recoverable.

Thus, the fees of Allstate's utilized expert witnesses in this case, Dr. Dagher, David Swartzendruber, Access Data, John Peick and Steve Scheets, are also recoverable, in addition to the other costs of investigating and litigating this matter. (Cannon Decl. ¶¶ 15-20). Such other costs include the filing fees, court reporting costs, the costs of deposition transcripts, IT consultants for trial, investigators, exhibit production, factual investigation, and the incidental expenses of litigation and trial, as explicated in the invoices accompanying the Declaration of Eron Z. Cannon (Cannon Decl., Exs. "B – L")

**2. The Expert Fees And Costs Incurred In This Case By Plaintiffs Were Reasonable And Necessary**

In investigating and prosecuting their case, Plaintiffs had to undertake considerable work, in order to uncover a number of complaints, criticisms, questionable patterns of treatment and care provided by TMT/TRT through Jacobs, as well as the illegal funneling of money from the Law Office of McLaughlin & Associates through DSM to Jacobs. The voluminous records which had to be obtained and reviewed by Plaintiffs as well as the Plaintiffs' retained experts in this case ultimately revealed Jacobs' widespread, methodical, purposeful, and intentional acts to deceive, misrepresent, and commit fraud. In particular, Plaintiffs' retained medical standard of care expert Dr. Edward Dagher reviewed 168 separate claims files, and prepared reports dated April 7, 2015 concerning his analysis of same. (Cannon Decl., ¶ 17.) Dr. Dagher was the Plaintiffs' primary expert in this case. Dr. Dagher earned his Doctor of Medicine degree from the University of Nevada in 1992, and has been a practicing physician ever since. (Cannon Decl., ¶ 15). He is Board Certified in physical medicine and rehabilitation and internal medicine, and

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 12

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

he is on the Board of Independent Medical Examiners. Dr. Dagher is an experienced expert who has testified in court on numerous occasions. (Id.)

Dr. Dagher's review and evaluation of the subject medical records and other available evidence established that Jacobs, through TMT/TRT consistently: (1) misrepresented the treatment that was billed, and billed for treatment that was never provided; (2) reported symptoms and complaints which were not supported by the facts of the accident or the patient testimony and other medical records; (3) exaggerated the reported findings of the patient; (4) provided an unreasonable amount and medically unsupported massage therapy and physical therapy treatment based on a quota system, rather than the actual patient's medical conditions; (5) provided treatment not proven to be of any medical benefit; and (6) provided excessive massage therapy and physical therapy treatment. (Cannon Decl., ¶ 16).

As the Court concluded, this fraudulent, illegal and improper conduct by Jacobs, through TMT/TRT, resulted in Plaintiffs paying substantially greater sums to settle approximately 168 personal injury claims than the actual circumstances warranted. Dr. Dagher's work in this case, both in terms of his written evaluation of all the relevant records, as well as his trial testimony, proved to be of critical assistance to Plaintiffs and the Court, and contributed to the trial verdict in favor of Plaintiffs. True and correct copies of Dr. Dagher's invoices for the professional work he performed on behalf of Allstate in this case are attached collectively as Exhibit "D" to the accompanying Declaration of Eron Z. Cannon.

In addition, Plaintiffs also had to consult with a forensic accountant, Steve Scheets, to review the defendants financial information and prepare a report about the illegal enterprise and transfer of funds. True and correct copies of Mr. Scheets' invoices for the professional work he performed on behalf of Allstate in this case are attached collectively as Exhibit "E" to the accompanying Declaration of Eron Z. Cannon.

Plaintiffs also were required to retain the services of a specialized IT consultant to

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 13

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

mine data and extract relevant emails, texts and documents from the computers and smart phones of several defendants, which uncovered information that was vital to this case. Plaintiffs retained the services of David Lee & Associates, specifically David Swartzendruber, to mine data on several computers. True and correct copies of Mr. Swartzendruber's invoices for the professional work he provided on behalf of Allstate in this matter, from document review through preparation of his expert report, are attached hereto as Exhibit "F." Mr. Swartzendruber sub-contracted with Access Data, another data extraction company, to extract cell phone data from several mobile phones owned by the defendants. Access Data's invoices for the professional work they provided on behalf of Allstate in this matter, from document review through preparation of their report, total $926.48. True and correct copies of Access Data's invoices for the professional work they provided on behalf of Allstate in this matter are attached hereto as Exhibit "G."

Allstate also utilized the services of a legal professional, John Peick, in relation to the intricate corporate practice of medicine issues in this case. Mr. Peick is an accomplished attorney who has significant experience related to incorporation of medical practices and the corporate practice of medicine. Mr. Peick was hired as an expert on this subject, and he incurred fees researching the issues of Mr. Jacobs' ownership of TMT/TRT and in preparing an expert report. True and correct copies of Mr. Peick's invoices for the professional work he provided on behalf of Allstate in this matter, from document review through preparation of his expert report, are attached hereto as Exhibit "H."

### 3. The Investigative And Other Vendor Costs Were Reasonable And Necessary

Allstate also utilized several other professionals in its investigation and preparation and presentation of this case. Specifically, Myron Sanders was employed to undertake an investigation into the particulars of the suspected fraudulent conduct on the part of Jacobs. Because of the need to identify as many individual claimants as possible whose injuries

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 14

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

were assessed and ostensibly treated by TMT/TRT, a private investigator, Mr. Sanders was employed at various times from 2014 onward to conduct investigations on behalf of Allstate, and in particular to locate claimants and other witnesses needed to both determine the underlying facts and to prove the case at trial. (Cannon Decl., ¶ 21.) Mr. Sanders' billings in this case for his investigative services in this regard totaled $11,135.33. (Cannon Decl., ¶ 21, Ex. "I.")

In order to most efficiently and effectively present the enormous amount of information inherent in this case at trial, Allstate retained Trial Exhibits, Inc. to assist with the uploading of documents and the presentation of such documents at trial. (Cannon Decl., ¶ 23, Ex. "K.")

### 4. All Other Costs Are Also Recoverable By Allstate

Pursuant to RCW 9A.82.100, Allstate is also entitled to recover all other costs reasonably incurred by it in the investigation and litigation of this matter. As delineated in the legal invoices appended as exhibits to the accompanying Declaration of Eron Z. Cannon, Allstate incurred costs for such litigation-related items as fees for the services of subpoenas, preparation and attendance of Examinations Under Oath and interviews of various vital witnesses, witness fees, photocopying, the preparation of trial exhibits, and parking fees while prosecuting this matter. (Cannon Decl., Ex. "B" and "C")  Each of these costs borne by Allstate was necessary and proper to accomplish the task of investigating and litigating this case. (Cannon Decl. ¶ 12.) Consequently, all such costs are also recoverable by Allstate.

Allstate incurred costs for such litigation-related items as fees for the services of summons and subpoenas, witness fees, photocopying, the preparation of trial exhibits, mediation, and parking fees, travel, meals, conference calling, and Federal Express while prosecuting this matter. Each of these costs borne by Allstate was necessary and proper to accomplish the task of investigating and litigating this case. Most of these costs were incurred while the undersigned counsel was employed by McCormick Barstow. Due to

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 15

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

the change of law firms for counsel, plaintiffs were unable to have each accompanying invoice attached as an Exhibit to the Declaration of Eron Z. Cannon. (Cannon Decl. ¶ 24). However, a "summary of costs" is attached hereto as Exhibit "L" to the Declaration of Eron Z. Cannon . These costs are reflected at the end of each McCormick Barstow and FAVROS invoice. (Id.)[2]

### C. Allstate Is Also Entitled To Pre- And Post-Judgment Interest Under Washington Law

Under Washington law, as the prevailing party in this action, Allstate is entitled to both prejudgment and post-judgment interest. Under federal law, an award of pre-judgment interest is within the Court's discretion. *See Home Sav. Bank, F.S.B. by Resolution Trust Corp. v. Gillam*, 952 F.2d 1152, 1161 (9th Cir. 1991) ("The award of pre-judgment interest in a case arising under federal law rests within the sound discretion of the court."); *see also Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1571 (1st Cir. 1994) (noting the decision to award prejudgment interest under RICO is left to the district court's discretion). An award of prejudgment interest is purely compensatory. *MHC, Inc. v. Oregon Dep't of Revenue*, 66 F.3d 1082, 1090 (9th Cir. 1995). The damages at issue here involve a purposeful and illegal scheme designed to defraud Allstate and other insurers. (Dkt. # 198, ¶ 14). Allstate has been deprived of the damages and the associated economic growth to which it would otherwise have been entitled had it not been defrauded of these funds. An award of prejudgment interest is appropriate to compensate Allstate.

In Grays Harbor County v. Bay City Lumber Co., the Washington Supreme Court upheld the application of prejudgment interest arising from a conversion action. 47 Wn.2d 879, 890-91, 289 P.2d 975 (1955). The court distinguished between actions involving intentional deprivation of property and those involving property that was unintentionally lost or destroyed while rightfully in the defendant's possession. Id. (citing cases). The instant case involves fraudulent and deliberate conduct, and Grays Harbor is instructive on that point. The Court should award prejudgment interest to Allstate.

---

[2] Plaintiffs will prepare a "supplemental" declaration with the invoices for these costs once they are fully received from McCormick Barstow and collated appropriately.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS (3:13-cv-5214) - 16

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 ・ f. 206-749-0194

Post-judgment interest is mandatory under RCW 4.56.110, which provides that judgments on tortious conduct,

> shall bear interest from the date of entry at two percentage points above the prime rate, as published by the board of governors of the federal reserve system on the first business day of the calendar month immediately preceding the date of entry.

RCW 4.56.110(3). Here, Allstate prevailed on all of its claims, including its state law claims under RCW 9A.82 *et seq.* (Criminal Profiteering Act) and RCW 19.86 *et seq.* (Consumer Protection Act). An award of post-judgment interest is also appropriate under federal law. *See also* 28 U.S.C. 1961.

In addition, Allstate's award of attorney fees is subject to post-judgment interest under 28 U.S.C. § 1961. See, Monolithic Power Sys. v. 02 Micro Int'l Ltd., No. C 08-4567 CW, 2012 U.S. Dist. LEXIS 62230, at *9 (N.D. Cal. May 3, 2012) (citing *Takeda Chem. Indus. Ltd. v. Mylan Labs., Inc.*, 2007 U.S. Dist. LEXIS 19614, 2007 WL 840368, *14 (S.D.N.Y.) and Mathis v. Spears, 857 F.2d 749, 759 (Fed. Cir. 1988)), aff'd, Monolithic Power Sys. v. O2 Micro Int'l Ltd., 726 F.3d 1359, (Fed. Cir. 2013). Interest is calculated from the date Allstate secured entitlement to such fees, rather than the date on which the exact quantity of fees is set. *Id.*

### III.

### CONCLUSION

Because Allstate was the prevailing party in this case for purposes of 18 U.S.C. § 1964(c) and RCW 9A.82.100, it is entitled to a recovery of attorneys' fees and costs expended by it in order to successfully prosecute this matter (including the expert and investigative costs incurred), as itemized and explained above. The amounts sought hereby by Allstate are not only reasonable, but were necessary to bring this action to a successful completion. Consequently, Allstate respectfully requests that it be awarded such attorneys' fees and costs of suit to which it is entitled by virtue of having prevailed in this matter. Allstate also respectfully requests that it be awarded prejudgment interest in this matter, as the prevailing party, for compensation for use by Defendants of money to

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 17

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

which Allstate was entitled from the time its causes of action accrued, until the time of judgment. Specifically, Allstate asks that it be awarded both prejudgment and post-judgment interest in this matter, accruing on the $965,356.50 amount of attorneys' fees incurred by Allstate, as well as on the $245,896.05 in costs it incurred in prosecuting this action.

DATED THIS 12TH DAY OF SEPTEMBER, 2016.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC

By: */s Eron Z. Cannon*
Eron Z. Cannon, #42706
Fain Anderson VanDerhoef, Rosendahl O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
eron@favros.com
Ph: 206.749.0094
Fx: 206.749.0194
Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 18

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 ・ f. 206-749-0194

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2016, a true and correct copy of **ALLSTATE'S MOTION FOR ATTORNEYS' FEES AND COSTS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  /s/Justin Fodness
Justin Fodness, an Employee of
Fain Anderson Rosendahl O'Halloran Spillane, PLLC

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (3:13-cv-5214) - 19

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194