HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLSTATE INSURANCE COMPANY, et al, ,

Plaintiffs,

v.

TACOMA THERAPY, INC., et al,

Defendants.

CASE NO. C13-5214RBL

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS

THIS MATTER is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs [Dkt. #200]. The Court has reviewed the material filed for and against the motion. Allstate is the prevailing party for purposes of the awarding of attorneys' fees and other costs pursuant to 18 U.S.C. § 1964(c), Revised Code of Washington (RCW) 9A.82.100, and RCW 19.86.090. Following a bench trial the Court awarded actual damages to Allstate in the amount of $150,000, trebled under the Racketeer Influenced Corrupt Organization (RICO) to $450,000. In the follow-up motion, Allstate asks that it be awarded attorneys' fees in the amount of $965,356.50 and costs in the amount of $272,035.80 for a sum total of $1,237,392.30. For the following reasons, the Court grants Allstate's motion for a much smaller amount than requested.

A. **Attorneys' Fee Standard.**

The first step in determining reasonable fees is to calculate the lodestar figure, by taking the number of hours reasonably expended on the litigation and multiplying it by the appropriate hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude over-staffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at 440.

No one criticizes Plaintiffs' counsels' hourly rate. No one questions counsels' fervor and sincerity in bringing down the defendants. However, the results do not justify the fee/costs application. The hours spent achieving the overall result is not fairly or reasonably attributed to Defendant Jacobs, who largely conceded the critical facts and did not oppose the summary judgment on liability. Admittedly, plaintiffs received a settlement just over $1 million from several settling defendants. Added to this sum is the judgment of $150,000, trebled to $450,000. The total return is approximately $1.5 million. The fee/cost petition is in the amount of approximately $1.25 million. The application is disproportionate to recovery achieved. Without further comment, the Court awards attorneys fees and costs in the amount of $250,000. Pre-judgment interest on the judgment is not allowed.

Dated this 4th day of January, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge